IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RON VAUGHAN, Individually and as Administrator of the Estate of EVERETT E. VAUGHAN, Deceased,<br><br>        Plaintiff,<br><br>vs.<br><br>PFIZER, INC., and PHARMACIA CORPORATION,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL NO. 06-379-GPM<br>)<br>)<br>)<br>)<br>) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This action is before the Court for an initial review. The Court has an independent obligation to satisfy itself that federal subject matter jurisdiction exists. The Seventh Circuit repeatedly warns litigants and district courts that subject matter jurisdiction is not an issue to be taken lightly. *See, e.g., Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("[o]nce again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money").

In this case, Plaintiff, Ron Vaughan, seeks damages on behalf of his father, a decedent, for injuries and suffering, including death, arising out of the use of the prescription medication Celebrex. Plaintiff seeks to invoke the Court's jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332. In order for this Court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be of diverse citizenship and the amount in controversy must exceed the

sum or value of $75,000, exclusive of interest and costs.[1]

"[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *See* 28 U.S.C. § 1332(c)(2). Thus, only the citizenship of Everett E. Vaughan, the deceased, matters for purposes of determining jurisdiction. Unfortunately, however, the complaint only alleges his *residency* at the time of his death. Because federal courts have jurisdiction over citizens of different states, a complaint must allege the *citizenship* of each party, not the residence. *Held v. Held*, 137 F.3d 998 (7th Cir. 1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994). The Seventh Circuit has repeatedly warned that an allegation of residency is insufficient to invoke federal subject matter jurisdiction. *See, e.g., Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000).

Moreover, pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The complaint only alleges that Defendants Pfizer and Pharmacia are Delaware corporations. It says nothing about the location of each corporation's principal place of business.

Without the foregoing information, the Court cannot determine whether the parties are, in fact, diverse citizens. "[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities," *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995), and, at this time, the Court is not satisfied that jurisdiction exists. *See Tylka v. Gerber Prods. Co.*, 211 F.3d

---

[1] Plaintiff prays for damages "in a sum in excess of the jurisdictional requirement of this court." (*See, e.g.*, Count I, para. 25.) In light of the fact that the case involves an alleged wrongful death, the Court accepts this prayer, because it does not appear to a legal certainty that the claims are really for less than the jurisdictional minimum ($75,000, exclusive of interest and costs). *See Smith v. American General Life and Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

445, 447 (7th Cir. 2000) (noting that federal courts are obligated to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction). "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff shall, on or before **June 22, 2006**, file an amended complaint that properly invokes the Court's subject matter jurisdiction. Failure to do so will result in the dismissal of this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:  05/26/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge